UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
DEC 14 2006
CLERK

| | | |
|---|---|---|
| BEVERLY A. DERBY, | * | CIV 06-4112 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| CORTRUST BANK, | * | |
| Defendant. | * | |

Pending are Defendant's Motion to Dismiss, Doc. 18, and two motions to amend filed by Plaintiff, Docs. 22 and 31. For the reasons set forth below, the Motion to Dismiss will be denied and Plaintiff will be allowed to amend her complaint.

In this action, Beverly Derby alleges claims of racial discrimination against her former employer, CorTrust Bank. She seeks relief under both federal and state law. In its Motion to Dismiss, CorTrust claims that Derby lacks standing because this action is property of her bankruptcy estate. Following CorTrust's motion, Plaintiff sought permission from the Bankruptcy Court to prosecute this claim. On September 5, 2006, U.S. Bankruptcy Judge Charles Nail entered an Order *nunc pro tunc* approving Derby's employment of counsel to prosecute her claims in this action against CorTrust. Thus, CorTrust's argument that Derby lacks standing is now moot.

The second ground upon which CorTrust seeks dismissal is that Derby has failed to state a cause of action under SDCL § 23-10, as set forth in paragraphs 16-20 of her Complaint. Derby admits that there was an error in the Complaint, and seeks to correct that error by amending the Complaint to cite SDCL § 20-13 as the basis for that state law claim. Also, CorTrust claims there is no independent basis for the Court to exercise jurisdiction over Derby's state law claims. Given

the Bankruptcy Court's Order, however, the Court does have original jurisdiction over Derby's federal claims and the Court may exercise supplemental jurisdiction over her pendent state law claims. *See* 28 U.S.C. § 1367(a).

Although a plaintiff does not have an automatic right to amend her complaint, Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment ....'" *Id.* (quoting *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989)). Delay in moving to amend the complaint is insufficient by itself to deny leave to amend. *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004); *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). "Rather, the party opposing the motion must show it will be unfairly prejudiced." *Dennis*, 207 F.3d at 525.

There is nothing in the record to show that Derby has unduly delayed seeking to amend her complaint and there is no evidence of bad faith or dilatory motive on her part. In addition, no previous amendments have been allowed, no undue prejudice to CorTrust has been shown and Derby's proposed amendments have not been shown to be futile. Considering all of the appropriate factors, the Court finds there is no good reason for rejecting Derby's proposed amended complaint and the motion to amend will be granted. Accordingly,

IT IS ORDERED:

1. That Defendant's Motion to Dismiss, Doc. 18 is denied.

2. That Plaintiff's Motion to Amend, Doc. 22, is denied as moot.

2

3. That Plaintiff's Motion to Amend, Doc. 31, is granted. The Clerk of Court shall file Plaintiff's Second Amended Complaint.

Dated this 14th day of December, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY

3